**SO ORDERED.**

**SIGNED February 09, 2006.**



```
                          _____
                                GERALD H. SCHIFF
                          UNITED STATES BANKRUPTCY JUDGE
```
___

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA

IN RE:

JAMES MILLIGAN
JEANIE MILLIGAN                          CASE NO. 05-51673

     Debtors                             CHAPTER 13
-----------------------------------------------------------------
                       MEMORANDUM RULING
-----------------------------------------------------------------
```

James and Jeanie Milligan ("Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Keith A. Rodriguez ("Trustee") is the standing chapter 13 trustee. Presently before the court is the Trustee's OBJECTION TO CLAIMED EXEMPTIONS ("Objection"). A hearing on the matter was held on November 9, 2005. After hearing argument from counsel, the matter was taken under advisement.

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule

83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

The Trustee objects to the fact that the Debtors have claimed two homestead exemptions. The Debtors respond that, at the date of filing, they were living separate and apart, pending a divorce. Each had a separate residence and intends to reside in that separate residence after they are divorced.

The homestead exemption statute under Louisiana law provides, in relevant part, that:

> B. The exemption provided in Subsection A shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife **but not to more than one homestead owned by the husband or the wife**. The exemption shall continue to apply to a homestead otherwise eligible while owned in indivision by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides, pursuant to R.S. 9:381 et seq., or Article 159 or 2375 of the Louisiana Civil Code. If either spouse becomes the sole owner and continues to occupy the homestead as such, the exemption as to that spouse shall be deemed to have continued uninterrupted.

The statute is clear that spouses may not claim more than one

05-51673 - #20  File 02/09/06  Enter 02/09/06 15:18:39  Main Document  Pg 2 of 3

homestead exemption.  The Debtors were still married at the time of filing and are therefore only eligible to claim one homestead exemption.

For the foregoing reasons, the Trustee's Objection is **SUSTAINED.**  Within 20 days, the Debtors shall file an amended Schedule C to claim only one homestead exemption.

**IT IS HEREBY ORDERED.**

### ###